# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| STEVEN A. WALE, | : | |
| Plaintiff, | : | Case No.  3:06CV079 |
| vs. | : | District Judge Walter H. Rice<br>Magistrate Judge Sharon L. Ovington |
| MIAMI COUNTY INCARCERATION FACILITY, et al., | : | |
| | : | |
| Defendants. | | |
| | : | |

## REPORT AND RECOMMENDATION[1]

On March 22, 2006, Plaintiff filed a *pro se* Complaint concerning certain events that occurred during his incarceration at the Miami County Jail.  The Court granted Plaintiff's application to proceed *in forma pauperis* and conducted an initial review of Plaintiff's Complaint, finding it to be not frivolous.  (Doc. #6).  Consequently, the Court directed the Clerk of Court to effect service and directed Plaintiff to keep the Clerk apprised of any change of address he has during the pendency of this case.  (Doc. #6).

On May 4, 2006, Plaintiff notified the Clerk of his new address and the record was updated. (Doc. #9).

After Defendants filed their Answers, the Court issued a Preliminary Pretrial Conference Order instructing the parties to file a Rule 26(f) Report by July 21, 2006.  (Doc. #13).  Although the Clerk twice attempted to serve a copy of this Order on Plaintiff, each attempt was returned as undeliverable.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

(Doc. #s 14, 15).

In the absence of a current address for Plaintiff, the Clerk, and hence the Court, has no method to serve Plaintiff with copies of its Orders.  Given that Plaintiff's new address is no longer valid, he has effectively absented himself from this case and has effectively prevented the Clerk from contacting him or serving him with copies of the Court's Orders.  Under these circumstances, Plaintiff's Complaint is subject to dismissal without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).


June 22, 2006

                 s/ Sharon L. Ovington
                 Sharon L. Ovington
              United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).